IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY W. EASTER,

Defendant.                                          No.05-30132-DRH

### ORDER

**HERNDON, Chief Judge:**

      Anthony W. Easter was sentenced by this Court on May 19, 2006, to a term of 108 months after a plea of guilty to the indictment (Docs. 46, 61). On March 3, 2009, Easter filed a motion for a reduction of sentence pursuant to the provisions of 18 U.S.C. § 3582(c)(2) (See Doc. 77). The Court appointed counsel to represent Easter, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to **18 U.S.C. § 3582(c)(2)** (Doc. 84). In response to counsel's motion to withdraw, Easter has filed a motion for release from judgment pursuant to Rule 60(b) (Doc. 86) and a response in opposition to counsel's motion (Doc. 87).

      **Section 3582 (c)(2)** allows the Court to reduce a defendant's previously

imposed sentence where "a defendant...has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 944(o)**." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see* ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied sub nom* ***McKnight v. United States*, 129 S. Ct. 1924 (2009).**

Easter is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G.

§ 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. But Easter's base offense level was controlled solely by the amount of powder cocaine; his relevant conduct for guideline purposes was based only on the powder cocaine. The Sentencing Commission did not lower the offense level for powder cocaine, only crack cocaine. Thus, there is no change in the offense level as Easter's offense level was based on the amount of powder cocaine distributed. Therefore, Easter's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

The Court has confirmed the representations in counsel's motion to withdraw and agrees that Easter is not entitled to a reduction in sentence for the reasons just mentioned. It would serve no purpose to appoint another lawyer to represent Easter on this issue as suggested in Easter's response. Nor is this Court authorized to revisit his sentence entirely as Easter urges.[1]

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 84), and **DISMISSES** the motion for sentence reduction (Doc. 77) and release from

---

[1] Easter has also filed a motion for release from judgment pursuant to Rule 60(b). Presumably, Easter is referring to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)** as he requests that the Court revisit its original judgment and sentence, and resentence him. In Easter's motion he merely asks again that this Court reduce his sentence pursuant to **18 U.S.C. § 3582(c)(2)**. However, clearly a party in a *criminal case* cannot move for relief pursuant to a rule pertaining only to *civil litigation*. *See United States v. Griffin*, **84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider...[t]here is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration.")**. Therefore, Easter's motion (Doc. 86) is not proper and should be denied for this reason. Further, as discussed more fully above, the Court lacks jurisdiction to revisit his sentence or reduce it pursuant to **18 U.S.C. § 3582(c)(2)**.

judgment (Doc. 86) **for lack of jurisdiction**.

       **IT IS SO ORDERED.**

Signed this 15th day of December, 2009.

                            /s/  David R. Herndon

                            **Chief Judge**
                            **United States District Court**