IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ANTHONY W. EASTER,**

**Defendant.**                                             No. 05-30132-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Defendant Anthony W. Easter's Motion for Relief from Order and Judgement Pursuant to **FED.CIV.P. 60(b)(4)** (Doc. 94). Specifically, Defendant argues that his Fifth and Sixth Amendment rights were violated in four ways in that his counsel was ineffective, he was not sentenced under true and accurate existing information, his substantial rights were violated, and he was not allowed to face his accuser regarding his relevant conduct.  On January 27, 2006 Defendant admitted his guilt to Counts 1-2, & 4 for distribution of crack cocaine.  This Court sentenced Defendant on May 19, 2006 to 108 months on each count, to run concurrently.  Defendant sought to reduce his sentence under 18 U.S.C. § 3582 on March 3, 2009.  The Court appointed Defendant an attorney, but that attorney subsequently sought to withdraw his representation of Defendant as he could find no non-frivolous reason for the motion.  The Court ultimately determined that Defendant was not eligible for reduction as his guideline range was based on

powder cocaine, not crack cocaine (Doc. 89).

Once a district court enters a final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, **517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **FEDERAL RULE OF CRIMINAL PROCEDURE 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** has a 1 year statute of limitations.

Here, Defendant has titled his motion as a motion for reconsideration pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**. While the **FEDERAL RULE OF CRIMINAL PROCEDURE** lack a counterpart to the civil rules motion to reconsider, "motions to reconsider in criminal prosecutions are proper and [are] treated just like motions in civil suits." *United States v. Rollins*, **607 F.3d 500, 502 (7th Cir. 2010)**. A motion to reconsider may be filed within the time to file a notice of appeal. *Id*. However, Defendant's motion to reconsider is untimely as Judgment in this case was entered in this case on May 26, 2006 and the time for filing a notice of appeal has long since passed. The Court also notes that Defendant fails to meet any of the deadlines under the Civil Rules regarding motions to reconsider as his motion was

not filed within a reasonable time after Judgment was entered. Further, Defendant's motion does not appear to seek reconsideration of the Courts more recent Order denying his motion for reduction pursuant to **18 U.S.C. § 3582** as Defendants seeks relief from the final Judgment in this case based on ineffective assistance of counsel and alleged constitutional violations during sentencing. Even if Defendant was seeking reconsideration for the Court Order, his motion was not filed within the time to file a notice of appeal and he is not entitled to a reduction under **§3582** as his sentencing guidelines were calculated based on powder cocaine, not crack cocaine.

Further, the Defendant fails to cite any other case law or statute that would allow the Court to consider his motion. **Rule 35** is inapplicable because this motion is brought over 3 years after the sentencing and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely brought based on other reasons. Therefore, the only other possible procedural avenue that Defendant could bring this motion is a **§ 2255** collateral attack. Defendant's motion seems best characterized as a **§ 2255** motion as he argues that his Fifth and Sixth Amendment rights were violated. However, **28 U.S.C. § 2255** has a 1 year statute of limitations. The time to file such a motion has long since passed and Defendant has not alleged that the limitation period should run from a date other than the date of Judgment.

Accordingly, the Court **DISMISSES** for want of jurisdiction Defendant's motion for reconsideration (Doc. 94).

**IT IS SO ORDERED.**

Signed this 5th day of October, 2010.

/s/     David R Herndon

**Chief Judge
United States District Court**