IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY EASTER,

Defendant.                                                      No. 05-CR-30132-DRH

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On October 31, 2011, Anthony Easter, *pro se*, filed a motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence based on retroactive guideline Amendment 750, effective November 1, 2011, concerning cocaine base ("Crack") (Doc. 96). The Court appointed counsel to represent Easter on the issue of a sentencing reduction in light of the amendment to the United States Sentencing Guidelines, and Counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 106). *See Anders v. California*, 386 U.S. 738, 744 (1967). Easter did not timely respond to the motion to withdraw, even though he was given an opportunity to do so by March 1, 2013. *See* Doc. 107.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court

must consider the factors set forth in 18 U.S.C. 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Easter cannot satisfy the first criterion of the statute because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendment 750 and the Fair Sentencing Act of 2010 pertain only to offenses regarding crack cocaine.  The Sentencing Commission issued U.S.S.G. Amendment 750, effective November 1, 2011, intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Easter, however, was sentenced for a crime involving powder cocaine only; in excess of 5 kilograms of cocaine powder.  The Sentencing Commission did not lower the offense level for powder cocaine, only for crack cocaine.  Thus, Easter's guideline range has not been lowered, and he cannot

satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

On May 6, 2013, Easter filed a petition to amend his motion for sentence reduction (Doc. 108), claiming that he was not sentenced for powder cocaine as the government claims in its response to his original motion (Doc. 105), but was instead sentenced based on crack cocaine, and is therefore eligible to have his sentence lowered. However, the Court notes the record reflects that the ratio of crack cocaine versus powder cocaine that Easter sold was unknown at the time of sentencing, and thus, defendant's relevant conduct for guideline purposes was based only on powder cocaine (Doc. 64). Consequently, Easter is ineligible to have his sentence lowered, as the guidelines range applicable to his relevant conduct has not changed.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 106) and **DISMISSES for lack of jurisdiction** the motion for sentence reduction (Doc. 96).

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2013.

Digitally signed by David R. Herndon
Date: 2013.06.03 16:42:51 -05'00'

**Chief Judge
United States District Court**